UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| WILLIE A. JACKSON | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| v. | ) | No. 1:08-cv-44 |
| | ) | *Chief Judge Curtis L. Collier* |
| HAMILTON COUNTY JAIL | ) | |
| *Defendants*. | ) | |

## **M E M O R A N D U M**

Plaintiff Willie A. Jackson ("Plaintiff" or "Jackson") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 3). Plaintiff challenges his conditions of confinement in a laundry list of claims (Court File No. 3). Plaintiff requests compensation and to change the policy and procedure at the jail and for "[t]he Hamilton County Jail [to] straighten up." (Court File No. 3, p. 5). Plaintiff is no longer housed at the Hamilton County Jail.

For the reasons discussed below, Jackson's complaint will be **DISMISSED** (Court File No. 3) .

## I. **Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Jackson that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Jackson is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Jackson is a prisoner in custody at CCA-Silverdale, in Chattanooga, Tennessee, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Jackson shall pay the full filing fee of three-hundred and fifty dollars

($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Jackson's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Jackson's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Jackson's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Jackson's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Records at CCA-Silverdale, in Chattanooga, Tennessee, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Jackson's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff **SHALL** collect the filing fee as funds become available. This order shall become a part of inmate Jackson's file and follow the inmate if he is

transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

The plaintiff is **ORDERED** to notify this Court of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II.  Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted.

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be Jacksoned, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). *See In re*

3

*Tyler*, 110 F.3d [528], 529-30 [8th Cir. 1997]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## II.    Facts

Plaintiff has submitted the following laundry list of complaints about the conditions of his confinement:

   1.    The food is alway's [sic] cold!!!

   2.    Recreation is barely given to inmate's and were [sic] suppose to have Rec. every day for a [sic] hour!!! But the Inmat'e [sic] Handbook state's [sic] twice a week but we rarely receive it once a week!!!

   3.    Alway's [sic] under 24 hour lockdown [sic] behind a set of bar's and a steel door!!!

   4.    Unable to receive proper cleaning supplies!!! That's how I caught "Staph" at first!!! "That's a life threating [sic] infection"!!![sic]

   5.    Alway's [sic] having to ask for plunger more than twice a week and don't receive it!!! for the shower drain!!!

   6.    Grivanc's [sic] are alway's [sic] not answered, and only Captain Swope's [sic] has the key!! To the Grivance [sic] Box, but Grivance's [sic] are alway's [sic] lost, unanswered and misplaced!!!

   7.    It took for someone to get "hurt" before a drain cover was placed in 5E3 and it took 2 month's of "complaining" after a [sic] Inmate was hurt and it took two people to replace it and still not sucure [sic] properly!!! The Inmate [sic] name was "Kevin White."

   8.    Being detained by the Hamilton county Jail, under the corrupt supervision of: [sic] "Sargent Evan's" -arrested for theft of property, "Sheriff Billy Long"-arrested for Extortion, Money Laundering & Possession of Cocane [sic]!!

   9.    Officer's Neglect their duties so much that on above date and time 5:30 a.m.

4

2-3-08. [sic] An inmate had to beat on the wall to get a [sic] officer! When it's the officer duties to walk the Gaurd [sic] Walk every 30 to 45 mins. to insure inmate's safety!!!

10.   Inmate's "mail" is alway's [sic] being "misplaced" or "lost" or "mishandled"! "All the time"!!!

11.   Alway's [sic] being "threated" [sic] by the "Officer's"[sic]!!!

12.   Suffering from "Emotional Stress", "Mental Anguish," and "Pain and Suffering" for having to be denied Visitation Right's of seeing my child!!! The Rule's [sic] of Visitation are unfair! Considering having to deal with my "Legal Problem's"!!!

13.   It effects me to know that the Jail Officer's [sic] can't be trusted and to know that there are plenty more that are corrupt! That's a lot of "stress" to deal with considering my "Legal-Problem's" [sic] !!!

14.   The Jail serve's [sic] "coolade" [sic] and I've seen that beverage being used to clean Brass and it stain's [sic] the floor along with eat's [sic] "holes" through the paint! But this is what is given to Inmate's [sic] to drink!!! That is "harmful" to your body!!!

15.   On 1-4-08 at 10:00 p.m. 2nd shift Officer "Freeman" threated [sic] to take the cell's "Television" because the Inmate's [sic] were watching a "Black History" "Movie" on Television!!! That was completely "Racist"!!!

16.   On Jan. 31st 2008 I injured my hand along with my eye! I was hit in the "eye" with a "tolilet" [sic] brush and the brush left a cut that need [sic] "stiches"! [sic] The jail is not suppose to have toilet brushes in the cell and the bursh [sic] was used as a "weapon" that is a real life threatening situation!!! What if it was "worser" [sic] than what it was! And it is still in the cell with us inmate's [sic]!!! That is a Big "Safety Issue" along with a "Neglect" factor!!! As I complained about my hand, along with writting [sic] "Request Form's & Grivances [sic]"! It took a "week and two day's [sic]" to be seen at the "E.R.!!! 2-11-08.

17.   I explained to "Matthew" whose a "Nurse" at The [sic] "Jail" about my hand!!! And nothing was done!! Along with writting [sic] "Request Form's" [sic] that were "Medical" and "Regular" "Request Form's [sic]" and Grivance's [sic]!! I talked and showed "Sargent Melborne, two "Nurse's" Officer "VanderGriff" & "Officer Rachel" about my hand!!! This county Jail has placed a lot of "Emotional

Stress," "Mental Anguish," "Pain & Suffering" along with showing sign's [sic] of "Neglect"!!! And "Safety Hazzard's & Issues"!!!

Jackson specifies neither a single particular constitutional right infringed upon, nor provides any facts upon which he bases his allegations. Instead, he has vaguely presented his claims in a laundry list which does not provide sufficient facts upon which to base a single valid claim under § 1983. None of the above claims is supported by specific factual allegations indicating how any of theses alleged acts, prohibitions, deprivations, or conditions violated the plaintiff's rights or caused him personal injury. Moreover, other than the claim about his injured hand, Jackson does not identify who caused each of the other alleged deprivations or conditions, or when the alleged deprivations or conditions occurred.

Although Jackson makes a vague and factually unsupported allegation that he hurt his hand and it took nine days to be taken to the emergency room, he has not provided sufficient factual support to allege an Eighth Amendment violation. Jackson has failed to describe the injury or allege that the injury was serious or that jail personnel were deliberately indifferent to a serious medical need. To allege deliberate indifference to a serious medical need claim in violation of the Eighth Amendment, a prisoner must allege both a serious medical need and that the official had a sufficiently culpable mind *i.e.,* the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Jackson has alleged neither a serious medical need nor a sufficiently culpable mind on the part of the jail personnel.

The Court is aware Jackson is proceeding *pro se* and is unfamiliar with the intricacies of the legal system. Nevertheless, he must comply with Rule 8 of the Federal Rules of Civil Procedure and submit a complaint which contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Generally, a mere list of alleged claims is insufficient to put a defendant on notice as to how to respond to the charges. A plaintiff must set forth the factual bases for the claims

in his complaint. *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Jackson's complaint is wholly inadequate because all of his vague assertions are glaringly insufficient to show that he is entitled to relief. Moreover, as explained below, the sole defendant identified by Jackson is not a separate legal entity which can be sued.

### III. Identity of Defendants

Jackson identifies the Hamilton County Jail ("Jail") as the sole defendant in this case. A review of the complaint reflects Jackson has not identified one single person who he alleges has violated his constitutional rights (Court File No. 3).[1]

The Jail is not a legal entity amenable to being sued under 42 U.S.C. § 1983 but is merely a name assigned to the building which houses inmates. The Jail is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. Therefore, the Jail is not a "person" within the meaning of § 1983. *Shoemaker v. Greene County "Jail" Detention Center*, 2007 WL 2159295 (E.D. Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983").

Accordingly, because the jail is not a suable entity, Plaintiff's § 1983 complaint against the Jail will be **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915A & 1915(e) as frivolous and

---

[1] Although he has identified the employees whom he claims he told "about [his] hand" those allegations fail to state a constitutional violation (Court File No. 3, p. 4).

for failure to state a claim upon which relief may be granted.

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**